## Corbin Council No. 80, Junior Order, United American Mechanics v. Partin et al.

June 22, 1948.

Joe Feather and H. M. Sutton for appellant.

T. F. Young for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This action was instituted by the appellees, daughters and only heirs of Marion Hood, deceased, to recover $500.00 on a funeral benefit policy issued to their father by the appellant, Corbin Council No. 80, Junior Order, United American Mechanics. The policy provided that, in the event no beneficiary was designated in the policy, as was true in this case, payment should be made to the next of kin. Mr. Hood died June 9, 1947. The Council defended on the ground that the policy had lapsed because no dues were paid on it after April 30, 1947.

In urging reversal of a judgment in favor of the appellees the Council contends that (1) it was entitled to a directed verdict; (2) incompetent evidence was admitted; and (3) the jury was improperly instructed.

We find no basis for the contention that the Council was entitled to a peremptory instruction, so we shall confine our consideration of the case to the other points.

Mr. Hood and several other members of the Council were in the habit of paying their dues to C. G. O'Neil, a Corbin undertaker, and a longtime member of the Council. Dues collected by Mr. O'Neil were turned over

to Mr. M. B. Williams, the financial secretary of the Council. On several occasions Mr. Hood had been in arrears in the payment of his dues. According to Mr. Williams, the last payment made by him covered his dues for the months of March and April, 1947. His policy provided for a 30 day grace period and we gather from the record that dues became due on the first day of each month. No action was taken by the Council to reinstate Mr. Hood's policy when his dues were not paid within the grace period. It appears that a custom had been established under which the Council frequently accepted dues from him which were in arrears.

There is a sharp conflict in the evidence as to whether Mr. Hood's dues for May 1947 were paid, and there is also considerable variance in the testimony of Mr. O'Neil and that of Mr. Williams as to a conversation had by them on June 10th. Mr. Williams testified that Mr. O'Neil asked him about Mr. Hood's standing and when told that he was in arrears offered to pay the May dues. Mr. O'Neil said that when he returned to his office after talking with Mr. Williams he found that Claude Skinner had left Mr. Hood's dues at his office on May 28th. Clearly, the question was one for the jury.

We have noted that, in the event no beneficiary was designated, the policy was to be paid to the next of kin. Mr. O'Neil arranged for Mr. Hood's burial and the appellees assigned the policy to him for payment of the burial expenses. When the Council refused payment Mr. O'Neil reassigned the policy to the appellees. The Council contends that Mr. O'Neil was an interested party and that his testimony was incompetent under Section 606 of the Civil Code of Practice. We take a different view, however. No payment could have been made by the Council to Mr. O'Neil except on the direct authorization of the appellees. Mr. O'Neil may have been looking to the proceeds of the policy to collect the burial expenses, but we fail to see how this of itself would make his testimony incompetent under Section 606 of the Civil Code of Practice.

The testimony of Mr. Williams is somewhat confusing relative to the bylaws of the Council pertaining to its funeral benefit insurance. We have noted that there

was a 30 day grace period provided for the payment of dues. There was the further provision that members over 40 years of age could not be re-enrolled in the Association unless dues or assessments were met within the same month of lapsation. Following this provision there are three sentences in the copy of the bylaws which have been filed with this record which have been marked out by pencil lines. These sentences provide that regular assessments are due on the 15th of the current month, and failure to pay on that date renders a member non-beneficial, and, further, if the regular assessment, together with any special assessment, is paid before the 30th day of the month, the member may be reinstated, but, in the event of death within a period of 30 days thereafter, the Association will not pay more than 50 per cent of the death benefit. Mr. Williams indicated that the sentences of the bylaws which were crossed out by pencil marks had been reinstated, and that all members, including Mr. Hood, had been so advised; but no minutes or records of the Association or the Council were offered to support this view, and, as indicated, the copy of the bylaws which was filed as an exhibit shows on its face that the part just referred to had been deleted.

The instruction offered by the Council incorporated the provisions of the bylaws just discussed. The court's instruction authorized a finding for the appellees in the event the jury believed that Mr. Hood was induced to believe that the payment of his dues to Mr. O'Neil would keep him in good standing and that his dues were paid to the Council or Mr. O'Neil for it at any time for the month of May, 1947. We believe the court's instruction was proper. Apparently, no objection was ever raised about Mr. Hood's payment of his dues to Mr. O'Neil, and, as we have said, there appears to have been no question raised relative to his being reinstated after dues which were in arrears had been accepted. Even if the provisions of the bylaws which at one time had been deleted had been reinstated, there is nothing to show that those provisions were ever made applicable to Mr. Hood.

For the reasons given we think the judgment should be and it is affirmed.